IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | ) | CASE NO. 1:19CR00099 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | **DEFENDANT, DONALD ADAMS** |
| | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Donald Adams | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Donald Adams by and through undersigned Counsel, respectfully submits the

instant Sentencing Memorandum to support his request for a sentence that is sufficient but not

greater than necessary to achieve the statutory goals of sentencing under to Title 18, United

States Code §§ 3553(a) and 3661. Counsel respectfully submits the following Memorandum to

assist the Court in fashioning Donald Adams sentence.


Respectfully Submitted,


/s/ rodger a. pelagalli
Rodger A. Pelagalli (0034530)
RODGER A. PELAGALLI CO., L.P.A.
6659 Pearl Road, Ste. 401
Parma Heights, OH 44130
RAPesq@aol.com
440-845-3030 (phone)
440-845-3428 (fax)

*Attorney for Defendant*

1

## MEMORANDUM

### I. Introduction

District courts have great discretion in imposing the lowest sentence that will reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from future crimes, and provide Donald Adams with needed educational or vocational training, medical care, or other correctional treatment. Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007); United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a)(2).

### II. Application of Other Sentencing Factors

#### A. Donald Adams Personal History and Characteristics

Donald Adams was born on July 27, 1959 in McKenzie, Alabama to Mary Adams, who passed away January 2014 of heart failure and Leroy Adams, his father was shot by a neighbor in 1971 while Defendant was only 13 years old. He became at a young age, one of the main sources of support for his family. He and his family hungered due to the fact that food was scarce and he truly had no free time given that he was either working or taking his mother to and from church.

#### B. Educational and Employment Consideration

As regards to his education, this court is aware that again from age 13 he was one of the main bread winners for his family and was later diagnosed with a difficulty reading which precluded him from getting enough credits to graduate High School. In addition, he was working

2

on a full-time basis so as to provide for his family. He does maintain that goal of receiving his GED and whether that is while incarcerated or on the outside in supervised release he would certainly be amenable to seeking and attaining same.

While he retired in 2003, between 1977 and 2003 he was employed by Ford Motor Company as a material handler earning an hourly wage and working his way up from $7.35 to $23.21 per hour in the shipping and receiving department. Don has always been a worker.

## C. Donald Adams Has an Extremely Low Likelihood of Recidivism

Donald Adams's Criminal History Score is a 0 and the PSR reflects that he falls into the Criminal History Category of I. The Defendant also meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), a decrease by two levels in his offense leverl. USSG § 2d1.1(b)(18). This would reduce his base offense level from 26 to 24 and along with acceptance of responsibility outlined below, USSG § 3e1.1(a), an additional two points (-2) would be subtracted rendering his score to be a 22. In addition, with the subtraction of one additional point (-1) pursuant to Defendant timely notifying authorities of his intention to enter a plea of guilty, the offense level is decreased by one pursuant to USSG § 3e1.1(b) for an adjusted total offense level of 21.

## D. Mr. Adams Accepted Responsibility for His Offense.

Not only did Mr. Adams plead guilty in this case, but he has been completely truthful and forthcoming with all aspects of his guilt in this matter. In doing so, he has accepted full responsibility for the offense.

The Government has considered Mr. Adams' role and agreed that Mr. Adams qualifies and meets the requirements for a "Safety Valve" reduction [USSG § 2D1.1(b)(17)].

## III. Other Considerations

### A. Mr. Adams Should be Recommended for 12-Month in a Half-Way House at End of Any Sentence of Incarceration.

Undersigned Counsel respectfully ask this Court to sentence Mr. Adams to a term of incarceration of 37 months, which reflects the low end of the guideline range of 37-46 months. Such a sentence will enable him to be promptly placed in a half-way house to continue with counseling and education, and provide a strong incentive for him not to re-engage in this type of illegal conduct. However, if the Court imposes a longer term of incarceration, Counsel respectfully asks the Court to recommend 12 months in a half-way house at the end of any incarceration term imposed. The Second Chance Act, codified at 18 U.S.C. § 3624, increased the potential length of time a federal inmate can be placed in a half-way house from 6 months to 12 months. *See* 18 U.S.C. § 3624 9c 0 91 0. The Bureau of Prisons will typically honor the Court's recommendation. If Mr. Adams receives a sentence of incarceration, he would greatly benefit from the additional resources he would receive during twelve (12) months of half-way house placement (as opposed to just 6 months) as he transitions from incarceration back into society.

## IV. § 3553 Factors

As this Court is aware the Sentencing Guidelines are merely one step in the process in determining an appropriate sentence for the Defendant. In addition, the Court is aware it should evaluate the factors listed in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the Defendant. The Court must consider the following 3553 Factors: The nature and circumstances of the offense and the history of the Defendant; the need for the sentence imposed (considering seriousness of offense, deterrents, protecting the public, and providing the Defendant with

4

needed treatment in the most effective matter); the types of sentences available; sentencing ranges; policy statements issued by the Sentencing Commission; need to avoid unwarranted sentencing disparities; and restitution to the victim of the offence. First, looking at the nature and circumstances of the current offense and the history of the Defendant, the Court should evaluate several factors. The Defendant accepted responsibility for his actions, and cooperated in this matter when he plead guilty to the charge. The Defendants' timely notice to the Government of his intent to plead guilty to the indictment or charges, has saved the Government time, money and energy. The Defendant understands the seriousness of the crime he has committed and expresses his sincere remorse and apology. Donald Adams was involved in the current offense as a means to provide for his family, however realizes this was inappropriate. Donald Adams further requests this Honorable Court consider his need to provide for his family and his cooperation and timely notification of his intent to plead guilty when determining an appropriate sentence for Donald Adams.

The second factor to be evaluated by the Court is to assess the need for the sentence imposed. The Defendant acknowledges the seriousness of his action and understands the extensive incarceration time he may be facing. Donald Adams has been retired since 2003. However, between 1977 and 2003 he was employed by the Ford Motor Company as a material handler earning an hourly wage, completing his career in shipping and receiving earning approximately $23 an hour. He was employed full time and retired due to his conduct in the case identified in the PSI as docket number 03-006497-01-FH. He also notes that he has been involved in his church, the New Star Light Baptist Church in Detroit, MI since he was 6 years old. More recently, he has performed maintenance, cooking and other work as he became a Deacon in said church. He assists the Pastor in opening and closing for events and anticipates marrying Ms. Shawn Perry who is 48 years old and works in the judiciary in Detroit, MI. Those plans are on hold due to his involvement in the current matter. The Defendant requests that this

5

Court consider the Defendants extended gainful employment as a testament to his desire to refrain from illegal conduct and remain a productive citizen.

Thirdly, the Defendant requests this Court consider the over representation of his criminal history listed in the PSI. Donald Adams has a total of 0 points due to 0 convictions in the past ten years. Donald Adams does not believe his prior criminal history properly represents his lack of criminal involvement throughout his 60 years.

Regarding the third and fourth factors of the 3553(a) the Court should review the kinds of sentences available. As noted above, Defendant requests this Court consider a sentence that is sufficient but not greater than necessary to fulfill the requirements of the 3553 Factors. The Defendant believes an appropriate sentencing range would be between 37-46 months, if not lower, based upon Don Adam's age and employment history. Defendant believes a sentence that includes a mixture of incarceration plus alternatives, which include conditions of therapy and supervised release, would be most effective in reducing the risk of recidivism.

Finally, the Defendant requests the Court recommend a drug treatment program as noted in this Sentencing Memorandum.


## V.    Conclusion

For the reasons discussed above, Mr. Adams respectfully requests that the Court consider the factors highlighted in support of a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a). Given the mitigating factors of Mr. Adams's offense, his personal history, and his amenability to rehabilitation, Mr. Adams respectfully requests this Honorable Court impose a term of 37 months if not lower based upon his age and arguments made herein.

Respectfully Submitted

/s/ rodger a. pelagalli
Rodger A. Pelagalli (0034530)
RODGER A. PELAGALLI CO., L.P.A.
6659 Pearl Road, Ste. 401
Parma Heights, OH 44130
440-845-3030 (phone)
440-845-3428 (fax)
RAPesq@aol.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, a copy of foregoing Sentencing

Memorandum was filed electronically. Notice of this filing will be sent by operation of the

Court's electronic filing system to all parties indicated on the electronic filing receipt. All other

parties will be served by regular U.S. mail. Parties may access this filing through the Court's

system.

Respectfully Submitted

/s/ rodger a. pelagalli
Rodger A. Pelagalli (0034530)
RODGER A. PELAGALLI CO., L.P.A.
6659 Pearl Road, Ste. 401
Parma Heights, OH 44130
440-845-3030 (phone)
440-845-3428 (fax)
RAPesq@aol.com

*Attorney for Defendant*

# DEFENDANT'S SENTENCING REQUEST

Defendant, Donald Adams respectfully requests that this Honorable Court issue a sentencing order, which includes the following:

1. A recommendation to the Bureau of Prisons that the Defendant be permitted to serve his term of incarceration if the court determines he is appropriate for jail would be near **Detroit, Michigan**

2. The Court gives credit for all time served.

3. A recommendation to the Bureau of Prisons that Donald Adams be permitted to participate in Residential Substance Abuse Treatment Program and other intensive programs for which he qualifies; and,

4. Defendant would request all mediations that would be necessary for him given his history of medical illnesses.

Respectfully Submitted

/s/ rodger a. pelagalli
Rodger A. Pelagalli (0034530)
RODGER A. PELAGALLI CO., L.P.A.
6659 Pearl Road, Ste. 401
Parma Heights, OH 44130
440-845-3030 (phone)
440-845-3428 (fax)
RAPesq@aol.com

*Attorney for Defendant*

1

February 4, 2020

Dear Judge Nugent,
Please permit this letter to serve as a personal letter of reference for Mr. Don Adams.
Mr. Adams is a valuable member of the New Star Light Baptist Church.
He is trustworthy and have proven to be very dependable.
He is being considered for the Deacon Ministry of the Church. His work includes assisting with the upkeeping of the inside as well as the outside of the church. He will provide any service that we ask of him when he is able to. Mr. Adams have a giving and a kindred spirit as he provides transportation to a elderly lady to church on Sunday mornings.

I have known Mr. Adams for many years and I feel strongly about the goodness of his character and his ability to make better decisions in the future.

Sincerely,

Deacon Frank

2-1-2020

Dear Honorable Judge Nugent:

I am writing to you regarding the character of Mr. Don Adams.
Mr. Adams attends my church, New Starlight Missionary Baptist Church. He attends every Sunday and is a vital part of our worship service. He is trustworthy and reliable. Currently we are considering him for Deaconship of the church. He not only participates in church services, he assist with the cleaning and landscaping of the church as needed and as his health allows him to.
He lives in a neighborhood where mostly elderly people resides and in spite of his many health challenges he tries to assist them when he can.
His health problems includes numerous surgeries on his back, ankles, calfs and his hips. He is a diabetic, has hypertension as well as congestive heart failure.
Although, it has been alleged that Mr. Adams has made an error in judgement, I do believe that he is worth of any leniency from the Court that can be granted.

Respectfully yours,

Deaconess Malinda Gross

2-4-2020

United States District Court
Northern District of Ohio
Eastern Division
Attn: Judge Donald Nugent

To whom it may concern,

My name is Adrian Johnson. I am the mother of Donald Lee Adams' oldest child Donald Adams Jr. I have known Mr. Adams for more than 43 years.

Mr. Adams is a very family oriented person.
He loves his family and friends. He is very involved in his children's lives. Mr. Adams is the person who is most likely to host family gatherings. He is loving, kind, considerate, caring and reliable. He is very involved in church activities. He is the person who volunteers when and where needed.

Mr. Adams worked and maintained employment with Ford Motor Company for many years.

Mr. Adams committed himself to helping his elderly neighbors and friends with chores like cutting grass, painting or just conversation.

He now spends most of his free time participating and assisting with services and activities at church.

Mr. Adams is not perfect by any means but he has good intentions and a loving caring heart. Because of the issues with his health he has had several surgeries which limits his abilities to a lot of the things that he loves but it has not stopped him. His commitment to his family is important to him so he pushes on.

For these reasons I am pleading that consideration is given to Mr. Donald L. Adams.

Thank you in advance
Adrian Johnson 2/4/2020
(313) 516-5692